Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
SNELL & WILMER L.L.P.
One Centerpointe Drive, Suite 170
Lake Oswego, OR  97035
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

Kelly H. Dove (*pro hac vice* to be filed)          Andrew M. Jacobs (*pro hac vice* to be filed)
kdove@swlaw.com                                      ajacobs@swlaw.com
SNELL & WILMER L.L.P.                                SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100              400 East Van Buren Street, Suite 1900
Las Vegas, NV 89169                                  Phoenix, AZ 85004
Telephone: (702) 784-5200                            Telephone: (602) 382-6000
Facsimile: (702) 784-5252                            Facsimile: (602) 382-6070

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

WESTERN STATES CENTER, INC., an
Oregon public benefit corporation; THE
FIRST UNITARIAN CHURCH OF
PORTLAND, OREGON, an Oregon religious
nonprofit corporation; SARA D. EDDIE, an
individual; OREGON STATE
REPRESENTATIVE KARIN A. POWER, an
elected official; and OREGON STATE
REPRESENTATIVE JANELLE S. BYNUM,
an elected official,

      Plaintiffs,

   vs.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; UNITED
STATES CUSTOMS AND BORDER
PROTECTION; FEDERAL PROTECTIVE
SERVICE; and UNITED STATES
MARSHALS SERVICE

      Defendants.

Case No. 3:20-cv-01175

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

1.      This lawsuit concerns the rights of the people of Portland, and of Oregon, in the face of a Federal Government that, while extoling the nation's Founders and the statues erected to them, disregards the history and laws that established federal government in the first place.

2.      The Bill of Rights to the United States Constitution – insisted upon as a condition of entry into the Union by many who opposed federal government in the 1780s – protects liberty in its Tenth Amendment by allocating powers between the Federal Government, on one hand, and the states and the people, on the other. Every power that the Constitution does not specifically grant to the Federal Government, or forbid to the states, is reserved to the states and to the people. That mattered to the Framers of our Constitution, and it matters on the streets of Portland, Oregon right now.[1]

3.      The point is this: whether, and how, to police is left to the states and their municipalities. Presidents cannot change that.

4.      One long-recognized reason the police power is left to state and local officials is to permit communities to adopt the policing policies of their choosing—subject to certain limitations contained in the Constitution, such as the Fourth Amendment's protections against unreasonable searches and seizures, the First Amendment's protections of free speech, and the Fourteenth Amendment's protections against discrimination. Oregonians have adopted such policies. For example, Oregon's laws prevent racial profiling, establish training standards and provide certain immunities to law enforcement.

---

[1] Indeed, the President himself has described the constitutional structure that the Framers created as "the culmination of thousands of years of western civilization and the triumph not only of spirit, but of wisdom, philosophy, and reason . . . ." https://www.whitehouse.gov/briefings-statements/remarks-president-trump-south-dakotas-2020-mount-rushmore-fireworks-celebration-keystone-south-dakota/ (accessed 07/18/2020).

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

5.      One benefit of leaving the police power to the states, as the Framers of the Constitution wisely did, is that it makes law enforcement accountable to the people. Because Oregon and its municipalities control and direct policing, communities being policed may in turn control how and by whom laws are enforced. And, those communities may do so much more directly with respect to their local or state police than they could through Congress or federal agencies.

6.      Unwilling to accept the Framers' constitutional constraints on his power, the President last week fulfilled his promise to deploy militarized federal law enforcement personnel to "quickly solve," "for" local authorities, the supposed "problem" of protesters. As they were ordered to do, defendants descended upon Portland. Though sent in the guise of bringing order to Portland's streets, their arrival has made things much worse for Portlanders.

7.      Although the federal government is entitled to protect federal property and personnel, and to enforce federal law in a lawful manner, defendants have far exceeded these constitutional limitations. Without first obtaining arrest warrants, they have undertaken to pluck Portlanders off the street, stuff them into vans, secrete them to unknown locations, and release them—merely for walking home or protesting peacefully, and away from federal property.

8.      Defendant Department of Homeland Security has stated publicly that the Federal Government plans to expand its militarized presence throughout the United States. *See* https://www.npr.org/2020/07/17/892393079/dhs-official-on-reports-of-federal-officers-detaining-protesters-in-portland-ore                    (accessed         July          20,          2020);[2] https://www.chicagotribune.com/news/criminal-justice/ct-chicago-police-dhs-deployment-20200720-dftu5ychwbcxtg4ltarh5qnwma-story.html (accessed    July    20,    2020) (quoting the

---

[2] Also in that interview, the federal official refused to state whether there had been more than one abduction from the streets of Portland, using unmarked vehicles and unidentified federal officers.

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

President: "I'm going to do something that I can tell you, because we're not going to leave New York and Chicago and Philadelphia, Detroit and Baltimore, and all of these — Oakland is a mess. We're not going to let this happen in our country, all run by liberal Democrats . . . . We're going to have more federal law enforcement, that I can tell you . . . . In Portland, they've done a fantastic job. They've been there three days and they really have done a fantastic job in a very short period of time, no problem.")

9.      The purpose of this lawsuit is to stop the federal government, its officials, and any others who have acted in concert with them, from depriving Portlanders of the right to be policed solely by those the Constitution permits, and who are accountable to Portlanders and Oregonians.

10.     Another purpose of this lawsuit is to vindicate the First Amendment rights of a church whose religious practice includes activism and protest in the face of injustice.

## JURISDICTION AND VENUE

11.     This case arises under the laws of the United States—specifically, the Federal Constitution and 28 U.S.C. § 2201, the Declaratory Judgments Act. The Court therefore has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.     Venue is proper under 28 U.S.C. § 1391(e)(1) because the defendants are agencies of the United States and officers of the United States acting in their official capacity, and (1) at least one plaintiff resides in this district; or (2) a substantial part of the events or omissions giving rise to the claims occurred in this district.

13.     Alternatively, venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

14.     Venue lies in the Portland Division of the District of Oregon, pursuant to LR 3-2, because a substantial part of the events or omissions giving rise to the claims occurred in

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

Multnomah County, Oregon.

     A.    **Western States Center**

    15.    Plaintiff Western States Center, Inc. ("WSC") is an Oregon public benefit corporation headquartered in Portland. Its mission is to strengthen the organizing capacity of often marginalized communities; to provide training, leadership development and organizational capacity to social movements and leaders; to promote peaceful protest and reconciliation; and to defend democracy and democratic engagement. WSC teaches peace, de-escalation and reconciliation. During the protests in Portland throughout 2018 and 2019, WSC worked closely with the City of Portland to deescalate conflict between protesters and Portland Police Bureau. WSC sponsored one of the first intentional non-violent rallies in front of Portland City Hall in 2018.

    16.    Defendants' overreach into the affairs of local law enforcement has caused WSC to suffer injury. Beginning on May 26, 2020, when George Floyd was killed in Minneapolis, WSC devoted significant resources to deescalating conflict between the Portland Police Bureau and protesters, and was making progress in this regard. Then the Federal Government arrived and began to undertake purported law enforcement actions on the streets of Portland. Defendants harmed WSC by inserting itself into the policing of Portland, which disrupted WSC's efforts and frustrated its mission. This required WSC to divert resources away from other programs in order to address the chaos the defendants caused when they overstepped the constitutional bounds limiting their authority to engage in purported law enforcement activities. Unless defendants are enjoined, WSC will have to continue diverting resources to address defendants' unlawful acts.

    17.    Defendants' unlawful actions in Portland have necessitated additional expenditures, including but not limited to the following: (1) WSC spent funds from its communications retainer to issue statements and disseminate information to the public and to

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

WSC's supporters; (2) the executive director has spent approximately 70-percent of his time, over the past four days, addressing the disruption defendants' police practices have caused; (3) the executive director involved two other staff members in his efforts; and (4) WSC has had to retain a second communications firm. Unless defendants are enjoined, WSC will have to continue diverting, and expending, resources to address defendants' continued unlawful acts.

        **B.**    <u>**First Unitarian Church of Portland**</u>

      18.    Plaintiff The First Unitarian Church of Portland, Oregon ("First Unitarian") is a domestic religious nonprofit corporation located in Portland. Founded in 1866, First Unitarian draws upon a long heritage of social activism. In fact, activism and social justice are central tenants of the church; its stated mission is, among other things, "to act for social justice." First Unitarian has organized a Social Justice Council and a Police Accountability Team.

      19.    First Unitarian also has assembled a protest witness group, the purpose of which is to equip congregants to observe and monitor protests and the police response to them. It is part of First Unitarian's social justice mission—a fundamental aspect of religious life and practice—to encourage protest against unjust laws and government actions. The congregation has been quite active in the George Floyd protests. Moreover, First Unitarian's witnessing activities are themselves a form of expression and assembly separately protected by the First Amendment. Because defendants began policing the streets of Portland, and throwing suspected protestors into unmarked vehicles even when peaceful, participation in the protest witness group has dropped and First Unitarian's social justice mission has been harmed. There was not a similar drop when Portland Police Bureau maintained their role as the police in Portland, and federal law enforcement limited itself to protecting federal facilities and personnel.

      20.    First Unitarian is hesitant to encourage its congregants to protest even though such protesting is peaceful, because defendants' unconstitutional targeting of peaceful protestors

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

increases both the risk of bodily harm to congregants and the likelihood of the church's civil liability to congregants who are injured or traumatized in the course of abduction by federal law enforcement. Through their unconstitutional overreach into general policing, defendants have thwarted First Unitarian's pursuit of social activism as a tenet of faith.

21.    Furthermore, the Tenth Amendment reserves to First Unitarian Portland, a Portland resident, the right to be policed only by Portland Police Bureau or state authorities when appropriate—and by federal authorities only to the extent authorized by valid federal law, federal regulation or the Federal Constitution.

C.    **Sara Eddie**

22.    Plaintiff Sara Eddie is an individual residing in Portland. She is a legal observer volunteer with the ACLU of Oregon. As a neutral legal observer, she attends and observes demonstrations and protests, and documents what she sees—including any police abuses or any violence or vandalism by protestors. Since approximately June 1, 2020, Ms. Eddie has acted as a legal observer at numerous protests in the aftermath of the killing of George Floyd. Ms. Eddie views objective, neutral legal observing as an important way to give back to the community and to protect civil rights. Defendants' overreaching police activities, including abductions of peaceful protestors off the streets of Portland, have caused Ms. Eddie to cease her service as a legal observer downtown, where the largest and most turbulent protests occur. She does not want to risk being "disappeared," especially because she cares for her 96-year-old grandfather and has two children.

23.    Defendants' unconstitutional overreach has caused Ms. Eddie damage. Because of defendants' actions in connection with protests and the understandable concern they have caused her, she has refrained from exercising her First Amendment right to observe law enforcement and from undertaking her meaningful volunteer work. As the largest, most frequent, and most turbulent protests occur downtown, defendants' unconstitutional acts in downtown Portland have

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

constrained her ability to contribute meaningfully as a legal observer. She will continue to refrain from legal observing until the Court enjoins defendants' unconstitutional conduct.

24.     Furthermore, the Tenth Amendment reserves to Ms. Eddie, a Portland resident, the right to be policed only by Portland Police Bureau or state authorities when appropriate—and by federal authorities only to the extent authorized by valid federal law, federal regulation or the Federal Constitution.

### D.     Oregon State Representative Karin Power

25.     Representative Karin A. Power is the duly-elected representative of Oregon's 41st House District, which encompasses Milwaukie, Oak Grove and parts of Southeast Portland. She is the Vice-Chair of the House Judiciary Committee, which oversees, creates and modifies state civil and criminal laws; oversees the judicial system; and sets the certification and licensure requirements for criminal justice public safety professionals, including Portland police officers. As a legislator, she makes and enacts laws, including on issues of law enforcement. Defendants' violations of the Tenth Amendment frustrated her right and ability to set state law enforcement policy applicable in Portland and throughout the state of Oregon. By infringing upon the sovereignty of the State of Oregon, defendants have diminished Representative Power's ability to establish law enforcement policy as her constituents direct.

26.     Furthermore, in her capacity as a citizen, Representative Power has the right to be policed solely by state and local authorities—and by federal authorities only to the extent authorized by valid federal law, federal regulation or the Federal Constitution.

### E.     Oregon State Representative Janelle Bynum

27.     Representative Janelle S. Bynum is the duly-elected representative of Oregon's 51st House District, which encompasses East Portland, Damascus, Gresham, Boring, North Clackamas and Happy Valley. She is the mother of four Black children, two of whom are male. She fears

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

terribly for their safety while federal law enforcement are present, especially given that federal law enforcement is not subject to Oregon's anti-profiling legislation and other policing policies, and her family's freedom of movement through Portland now is severely restricted.

28.    Representative Bynum also is the Chair of the House Judiciary Committee, which oversees, creates and modifies state civil and criminal laws; oversees the judicial system; and sets the certification and licensure requirements for criminal justice public safety professionals, including Portland police officers. As a legislator, she makes and enacts laws, including on issues of law enforcement. She also has introduced and shepherded significant law enforcement legislation. Defendants' violations of the Tenth Amendment frustrated her right and ability to set state law enforcement policy applicable in Portland and throughout the state of Oregon. By infringing upon the sovereignty of the State of Oregon, defendants have diminished Representative Power's ability to establish law enforcement policy as her constituents direct.

29.    Furthermore, in her capacity as a citizen, Representative Bynum, and her children, have the right to be policed solely by state and local authorities—and by federal authorities only to the extent authorized by valid federal law, federal regulation or the Federal Constitution.

**F.    Defendants**

30.    Defendant United States Department of Homeland Security is a Cabinet-level department of the Federal Government. Its stated missions involve anti-terrorism, border security, immigration and customs. It was created in 2002, combining 22 different federal departments and agencies into a single Cabinet agency.

31.    Defendant United States Customs and Border Protection is an agency within the Department of Homeland Security. Its stated mission is: "[t]o safeguard America's borders thereby protecting the public from dangerous people and materials while enhancing the Nation's global economic competitiveness by enabling legitimate trade and travel."

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

32.     Defendant Federal Protective Service is another agency within and under the control of the Department of Homeland Security. Its stated mission on its website is "To prevent, protect, respond to and recover from terrorism, criminal acts, and other hazards threatening the U.S. Government's critical infrastructure, services, and the people who provide or receive them."

33.     Defendant United States Marshals Service is an agency within and under the control of the United States Department of Justice. According to a Fact Sheet on its website, "it is the enforcement arm of the federal courts, involved in virtually every federal law enforcement initiative."

## GENERAL ALLEGATIONS

34.     On May 26, 2020, a Minneapolis police officer killed George Floyd while three other police officers watched and did nothing.

35.     That same day, protests erupted across the United States. Most of the protesters acted peacefully. Some of them did not.

**A.     Local Authorities, Accountable to Local People, Address the George Floyd Protests.**

36.     The protests have continued since May 26. The vast majority of the hundreds-of-thousands of protesters across the county have acted peacefully.

37.     The situation in Portland has been no different. Tens of thousands of Portlanders have protested peacefully, while some have resorted to vandalism. Portland Police Bureau also has alleged that some of the protestors have committed acts of violence.

38.     With respect to the vandalism and alleged violence: local law enforcement, aided by the Oregon State Police and other state agencies, have been handling the situation.

39.     The law enforcement response has been (until now) an Oregon-based response accountable to Oregonians. Indeed, over the course of the protests of the past several weeks, the

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

Portland Police Bureau and state agencies have altered their approaches in response to local criticism and to the concerns of the citizens of Portland and Oregon.

40.    That is how democracy works in our Federal Republic. The Tenth Amendment reserves to the States and their people the right to self-govern absent the legitimate exercise of federal power:

> "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

41.    This foundational principle—that the states and the Federal Government share power—is called federalism.

42.    Justice Kennedy, writing for a unanimous Supreme Court and affirming that individuals may invoke the Tenth Amendment to challenge federal laws and actions, described the purpose of federalism:

> "The federal system rests on what might at first seem a counterintuitive insight, that freedom is enhanced by the creation of two governments, not one. The Framers concluded that allocation of powers between the National Government and the States enhances freedom, first by protecting the integrity of the governments themselves, and second by protecting the people, from whom all governmental powers are derived . . . . [F]ederalism secures to citizens the liberties that derive from the diffusion of sovereign power.
> Some of these liberties are of a political character. The federal structure allows local policies more sensitive to the diverse needs of a heterogeneous society, permits innovation and experimentation, enables greater citizen involvement in democratic processes, and makes government more responsive by putting the States in competition for a mobile citizenry. Federalism secures the freedom of the individual. It allows States to respond, through the enactment of positive law, to the initiative of those who seek a voice in shaping the destiny of their own times without having to rely solely upon the political processes that control a remote central power.
> [. . . .]

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

> By denying any one government complete jurisdiction over all the
> concerns of public life, federalism protects the liberty of the
> individual from arbitrary power. When government acts in excess of
> its lawful powers, that liberty is at stake."

*Bond v. United States*, 564 U.S. 211, 220-22 (2011) (quotations and citations omitted)

### B.    The Federal Government Tries to Arrogate to Itself the Power to Police Cities.

43.    Without Congressional authorization, and without invoking any specific power granted to him, the President of the United States decided to use the power of the federal government to quell protests occurring throughout the country, including in Portland.

44.    On June 1, 2020, the President clearly warned of the militarizing of the streets of Portland, Oregon that soon followed:

> "Mayors and governors must establish an overwhelming law
> enforcement presence until the violence has been quelled . . . . If a
> city or state refuses to take the actions that are necessary to defend
> the life and property of their residents, then I will deploy the United
> States military and quickly solve the problem for them."

https://www.whitehouse.gov/briefings-statements/statement-by-the-president-39/        (accessed 07/18/2020).

45.    At a June 21, 2020 rally in Tulsa, Oklahoma, the President complained:

> "Two days ago, leftist radicals in Portland, Oregon ripped down a
> statue of George Washington and wrapped it in an American flag
> and set the American flag on fire."

46.    At his July 4, 2020 rally at Mt. Rushmore, the President announced that he was "deploying federal law enforcement to protect our monuments, arrest the rioters, and prosecute offenders to the fullest extent of the law." https://www.whitehouse.gov/briefings-statements/remarks-president-trump-south-dakotas-2020-mount-rushmore-fireworks-celebration-keystone-south-dakota/ (accessed 07/18/2020). The context of that statement makes clear that he

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

was referring generally to statues and symbols "of our national heritage" more broadly, and not to federal property.

47.     The President's officials have indulged the President's whim. Based on media reports, a sworn declaration filed in the Oregon Attorney General's lawsuit also pending before this Court, and comments made by federal officials, plaintiffs are informed and believe, and on the basis of such information and belief allege, that federal law enforcement agencies and personnel, including but not limited to the defendants in this action, began abducting suspected protesters off of Portland streets—even though such protestors were acting peacefully.

48.     The abducting officials did not identify themselves or their agencies, and obscured identifying markers such as badges or name tags.

49.     These abductions occurred outside the jurisdiction of federal law enforcement.

50.     Those abducted were not attacking federal property or personnel.

51.     Those abducted were not on federal property at the time they were abducted. In fact, those abducted reportedly were walking home, on city streets, after having peacefully protested.

52.     To plaintiffs' knowledge, defendants have not obtained arrest warrants prior to abducting Portlanders.

53.     Plaintiffs do not challenge defendants' authority to guard lawfully federal property and personnel. Rather, plaintiffs ask the Court to honor and restore the balance of power the Framers put in place through the Tenth Amendment.

54.     Thus, while the federal government may protect its property and personnel, the federal government is constrained by the Constitution from policing the City of Portland broadly speaking, and there is no positive delegation of authority in any law that makes the federal government's recent forays into general policing in Portland either legal or constitutional. The

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

Court should enjoin the defendants from conducting law enforcement activities unless defendants lawfully are enforcing a validly-enacted federal law, or unless they are acting within the immediate vicinity of federal facilities in order to protect those facilities. If defendants wish to seize someone, then they must obtain a warrant, have probable cause, and otherwise comply with the Fourth Amendment.

## FIRST CLAIM FOR RELIEF

(Violation of Tenth Amendment)

(By all plaintiffs against all defendants)

55.     Plaintiffs reallege, and incorporate by reference, the allegations of the foregoing paragraphs.

56.     By conducting traditional law enforcement activities on the sidewalks and streets of Portland—as opposed to within the vicinity, or on the premises, of government property—defendants have encroached upon powers explicitly reserved to the State of Oregon, and to Oregon's citizens, pursuant to the Tenth Amendment.

57.     Defendants conducted such law enforcement activities under color of federal law.

58.     Each plaintiff has standing to bring this claim because each has suffered cognizable injuries that are redressable through injunctive relief, and the Tenth Amendment confers a substantive, personal right. *See, e.g. Bond v. United States*, 564 U.S. 211, 220-22 (2011).

59.     There is no adequate remedy under state law.

## SECOND CLAIM FOR RELIEF

(Violation of First Amendment Right of Free Exercise)

(By First Unitarian Portland against all defendants)

60.     First Unitarian realleges, and incorporates by reference, the allegations of paragraphs 1 to 54.

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

61.     Defendants have deprived Portlanders the right to protest peacefully, and to transit peacefully to and from protest locations. Defendant have done so through, among other things, unwarranted seizures and detentions, including stuffing people into unmarked vehicles, performed under color of federal law.

62.     Defendants have not indicated that they will stop this practice.

63.     There is no adequate remedy under state law.

64.     As alleged previously in this Complaint, protest is a key aspect of First Unitarian's faith, mission and religious practice.

65.     By abducting people peacefully protesting, or transiting to or from protests, in Portland, defendants have chilled, and will continue to chill, First Unitarian's pursuit of its religious mission and faith, and the exercise of that faith by First Unitarian's congregants.

## THIRD CLAIM FOR RELIEF

(28 U.S.C. § 2201—Declaratory Judgment)

(By all plaintiffs against all defendants)

66.      Plaintiffs reallege, and incorporate by reference, the allegations of the preceding paragraphs.

67.     There is an actual controversy among the parties, inasmuch as one or more of the defendants has engaged in actions violating plaintiffs' civil rights and none of the defendants has either acknowledged such actions or agreed to stop them. In fact, defendants have stated that they intend to continue such actions.

68.     Plaintiffs therefore are entitled to a declaration that defendants' actions are, or have been, unconstitutional, and to an injunction against committing the acts alleged herein in the future.

/ / /

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for relief as follows:

A.    A judgment declaring that defendants are violating the Tenth Amendment, and Free Exercise Clause of the First Amendment, through the conduct alleged in this Complaint;

B.    An injunction permanently restraining defendants, and any persons working in concert with them, from (1) engaging in law enforcement activities other than in the immediate defense of federal personnel or property, and only to the extent necessary to remove an imminent threat or arrest someone observed violating federal law, and (2) seizing or arresting individuals within the jurisdiction of this Court without either probable cause to believe that a federal crime has been committed, or a warrant, consistent with the requirements of the Federal Constitution;

C.    Attorney fees and expenses pursuant to 28 U.S.C. § 2412(b); and

D.    Such other relief as this Court deems just and proper.

Dated: July 21, 2020                    SNELL & WILMER L.L.P.


By  /s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Kelly H. Dove (*pro hac vice* to be filed)
Andrew M. Jacobs (*pro hac vice* to be filed)

Attorneys for Plaintiffs

Snell & Wilmer
One Centerpointe Drive Ste 170
Lake Oswego, Oregon 97035
503.624.6800