JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
BILLY J. WILLIAMS
United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
JEFFREY A. HALL (DC 1019264)
Counsel, Civil Division
JORDAN VON BOKERN
KERI BERMAN
JASON LYNCH
Trial Attorneys
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Tel.:    (202) 353-8679
Fax:    (202) 616-8470

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| WESTERN STATES CENTER, INC, *et al.*, | Case No. 3:20-cv-01175-JR |
| Plaintiffs, | **DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS** |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

DEFENDANTS' MOTION TO STAY DISCOVERY

**L.R. 7-1 Certification**

Defendants certify that their counsel have conferred in good faith with counsel for Plaintiffs but were unable to resolve the issues raised by this motion.

**MOTION TO STAY DISCOVERY**

Because resolution of Defendants' Motion to Dismiss, Dkt. No. 72, may result in dismissal of the First Amended Complaint or in a reduction of the scope of the parties or claims at issue, this Court should stay discovery to preserve the parties' resources and avoid unnecessary and inefficient proceedings.

The Court has broad discretion to stay discovery while a motion to dismiss is pending. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The Ninth Circuit has expressly blessed the practice of staying discovery while considering a potentially dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (upholding a stay of discovery until after resolving a claim of immunity). Such a stay "furthers the goal of efficiency for the court and litigants." *Id.*

It is common practice for district courts within this circuit to stay or otherwise limit discovery while considering a motion that may resolve the issue on which discovery is sought. *See, e.g.*, *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:19-cv-1788, 2020 WL 2216944, at *2–3 (E.D. Cal. May 7, 2020); *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930,* No. 8:19-cv-927, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019); *Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*, No. 2:19-cv-493, 2019 WL 4822413, at *1 (E.D. Cal. Oct. 1, 2019); *Com. & Indus. Ins. Co. v. Durofix, Inc.*, No. 16-cv-00111, 2018 WL 8332535, at *2 (D. Haw. May 30, 2018); *Williams v. Grant Cnty.*, No. 2:15-CV-01760-SU, 2017 WL

DEFENDANTS' MOTION TO STAY DISCOVERY – 1

3671166, at *1 (D. Or. Aug. 25, 2017) ("Plaintiff was not required to respond immediately to the discovery requests because the Court had stayed discovery pending defendants' Motion to Dismiss for Failure to State a Claim."); *Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-cv-02054-JR, 2017 WL 11571782, at *2 (D. Or. May 8, 2017) (fact that a motion to dismiss "appears to be well-taken, at least in part," "supports staying discovery, as there is a 'reasonable possibility' that the pending Motions to Dismiss, if granted, would affect the content of plaintiff's amended complaint, if any, and subsequent scope of discovery" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007))); *Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016)); *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. 05-cv-0058, 2010 WL 11682231, at *2 (W.D. Wash. Dec. 16, 2010); *Buckman v. Quantum Energy Partners IV, LP*, No. 07-cv-1471-BR, 2008 WL 2235234, at *3 (D. Or. May 29, 2008). The ability of this Court to stay discovery while handling a dispositive motion is thus well settled.[1]

Staying discovery here is especially appropriate because Defendants raise numerous arguments that are likely to shrink the scope of the case and the relevant discovery. Defendants argue that Plaintiffs lack standing to seek any prospective remedy, in addition to arguing that the pleadings are insufficient to state a claim on the merits. *See Al Fayed v. CIA*, 229 F.3d 272, 276 (D.C. Cir. 2000) (recognizing that "[t]he district court must have jurisdiction . . . before the discovery rules become operative"). To the extent that any Plaintiff or claim is dismissed—

---

[1] Even where courts in this district have not stayed discovery entirely, they have sometimes allowed discovery to proceed on only jurisdictional issues, such as standing. *E.g.*, *Morris v. Zusman*, 857 F. Supp. 2d 1082, 1089 (D. Or. 2012).

DEFENDANTS' MOTION TO STAY DISCOVERY – 2

which is likely for at least some of the claims given the Court's order on the preliminary injunction, Dkt. No. 50—the scope of relevant discovery would shrink accordingly.

A stay of discovery is also appropriate because the Court denied a preliminary injunction based on Plaintiffs' Tenth Amendment claim (finding that it was not likely to succeed on the merits), Dkt. No. 50, and has since vacated the preliminary injunction based on Plaintiffs' free speech claims, *see* Dkt. No. 69. Thus, at present, there is no claim on which Plaintiffs are likely to succeed and from which they stand to suffer irreparable injury. A stay of discovery, while the Parties litigate the Motion to Dismiss, would not prejudice Plaintiffs.

Finally, discovery would place a substantial burden on federal law enforcement agencies, reducing the resources available to focus on other issues that implicate public safety and national security. Staying discovery would reduce potentially needless use of resources and conflict during the pendency of the Motion to Dismiss, not just for the parties but also for the Court, which may be called upon to mediate discovery disputes.

Accordingly, this Court should order that all discovery be stayed during the pendency of Defendants' Motion to Dismiss.

DEFENDANTS' MOTION TO STAY DISCOVERY – 3

Dated: December 4, 2020          Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

ALEXANDER K. HAAS
Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Jeffrey A. Hall*
JEFFREY A. HALL (DC 1019264)
Counsel, Civil Division
JORDAN VON BOKERN
KERI BERMAN
JASON LYNCH
Trial Attorneys
United States Department of Justice
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530
Tel: (202) 353-8679
Email: jeffrey.a.hall@usdoj.gov

*Attorneys for Defendants*