Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Kelly H. Dove, OSB No. 082165
kdove@swlaw.com
SNELL & WILMER L.L.P.
One Centerpointe Drive, Suite 170
Lake Oswego, OR  97035
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

Andrew M. Jacobs (*pro hac vice*)
ajacobs@swlaw.com
SNELL & WILMER L.L.P.
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| WESTERN STATES CENTER, INC., an Oregon public benefit corporation; THE FIRST UNITARIAN CHURCH OF PORTLAND, OREGON, an Oregon religious nonprofit corporation; SARA D. EDDIE, an individual; OREGON STATE REPRESENTATIVE KARIN A. POWER, an elected official; and OREGON STATE REPRESENTATIVE JANELLE S. BYNUM, an elected official,<br><br>   Plaintiffs,<br><br> vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; FEDERAL PROTECTIVE SERVICE; and UNITED STATES MARSHALS SERVICE<br><br>   Defendants. | Case No. 3:20-cv-01175-JR<br><br>**PLAINTIFFS' RESPONSE TO OBJECTIONS TO FINDINGS AND RECOMMENDATIONS** |

**INTRODUCTION**

The Government's Objections to Judge Russo's January 27, 2021 Findings and Recommendations ("F&R") are yet another attempt to advance arguments that this Court has already rejected. The Government has had exhaustive opportunities to challenge the sufficiency of Plaintiffs' First Amended Complaint. Rather than raise any genuine issue with the F&R, the Objections largely repeat what the Government has already said during the extensive briefing on the Preliminary Injunction, Motion to Dismiss, and Motion to Stay Discovery. The F&R are well-grounded in law and fact and should be adopted in their entirety.

**ARGUMENT**

The Government objects to the F&R in three respects. The Government (1) argues that the F&R should have assessed whether Plaintiffs have standing and whether they have stated a plausible First Amendment claim; (2) objects to the recommendation that Plaintiffs' Tenth Amendment claim survive dismissal; and (3) objects to the Magistrate Judge's recommendation denying the Government's Motion to Stay Discovery as moot. The Government's objections are not supported by federal law or the record before this Court and should be rejected.

**I.  The F&R Properly Considered and Rejected the Government's Arguments Regarding Standing and Plaintiffs' First Amendment Claim.**

Judge Russo's conclusion rejecting the Government's argument that Plaintiffs lack standing and failed to state a First Amendment claim is well supported by the record. The F&R concluded that absent an intervening change in law or fact, this Court's previous determinations on identical challenges to Plaintiffs' standing and First Amendment claim should control. Dkt. 88 at 5–6. This determination is correct. There is no need to rethink what was carefully considered by two judges of this Court.

First, the Government argues that the record for the preliminary injunction proceedings is different than the record here but it is not, as the declarations Plaintiffs submitted with their preliminary injunction briefing are incorporated by reference into the Complaint. *See, e.g.*, *Townsend v. Columbia Operations*, 667 F.2d 844, 848–49 (9th Cir. 1982). Just as in *Townsend* and contrary to the Government's assertion in support of its Motion to Dismiss, the declarations are incorporated by reference into the Complaint as they provide more detailed explanations of the Complaint's allegations. *Id.* This Court "may also consider a document if the plaintiff relied on its 'terms and effect' in drafting the complaint." *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 309 F. Supp. 2d 401, 404 (E.D.N.Y. 2004) (applying this rule to videotapes). Plaintiffs relied on the declarations in drafting in the Complaint, and the declarations were also central to this Court's determinations at the preliminary injunction hearing. *See, e.g.*, Compl. ¶ 26 (incorporating Buhl declaration); ¶¶ 58–63 (incorporating Hill declaration); Tr. Oct. 30, 2020 Hr'g at 6:1-2 ("[T]he declarations make it clear . . . ."). Thus, on this identical record, this Court already determined that Plaintiffs have standing, and the F&R properly respected the propriety of that decision.

Next, the Government incorrectly attacks Judge Russo's reliance on *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528 (9th Cir. 2000), *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963), and *Vandeusen v. Adams*, No. 3:06-cv-1092-MBS, 2007 WL 2891497 (D.S.C. Sept. 28, 2007), but the principles laid out in those cases are applicable here. It makes no sense, as the F&R concludes, to reconsider arguments this Court already fully considered and resolved where there has been no change in circumstances or manifest unjustness warranting a different outcome. Dkt. 88 at 6. Moreover, the Government's discussion of res judicata and collateral estoppel misses the point, as the F&R properly notes in footnote 2. Dkt. 88 at 6 n.2. As

Judge Russo correctly states, the precedent relied on by the Government in its Motion to Dismiss and in its Objections is limited to merits decisions. *See S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1136 (9th Cir. 2004) (considering impact of preliminary injunction at summary judgment stage); *Kuzinich v. Santa Clara Cnty.*, 689 F.2d 1345, 1350–51 (9th Cir. 1982) (considering impact of preliminary injunction at summary judgment stage). *But see Starbuck v. City & Cnty. of S.F.*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) (concluding preliminary injunction was not final judgment for collateral estoppel purposes for motion to dismiss Raker Act claims). As thoroughly explained in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss the First Amended Complaint, a motion to dismiss is not a merits proceeding. Dkt. 81 at 12. At the motion to dismiss stage, the only question is whether Plaintiffs have stated a claim on which relief may be granted, not whether Plaintiffs will ultimately succeed on the merits. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Thus, as the F&R correctly concludes, the principle in *Vandeusen* controls here at a non-merits determination where there has been no intervening change in the record or law. 2007 WL 2891497, at *2 n.3 ("Plaintiffs, having had an opportunity to litigate the question of standing in this case, may not reopen that question in a later proceeding."); *cf. S. Or. Barter Fair*, 372 F.3d at 1136 ("[A] court properly exercises its discretion to reconsider an issue previously decided if there has been an intervening change in the law.").

      Finally, the bases for this Court's prior injunction have not "eroded" as the Government claims. *See* Dkt. 94 at 4–5. Despite the change in administration, the June 26, 2020 Executive Order remains in place. Even if former-President Trump's barrage of threat-Tweeting has ceased, the Executive Order enacted as a direct result of such Tweeting is still Executive Branch policy. Accordingly, the Government could restart its illegal, speech suppressive activity at any time. *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009)

("[T[he mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the 'allegedly wrongful behavior could not reasonably be expected to recur.'").  Absent the Government rescinding the Executive Order, the written policy sanctioning the Government's pattern and practice of illegal policing in downtown Portland remain in place and the Government has not shown that its behavior directed at protestors in Portland could not be reasonably expected to recur.

Further, the availability of nominal damages saves constitutional claims like Plaintiffs' even after the Government's unconstitutional conduct ceases.  *Uzuegbunam v. Preczewski*, -- U.S. --, No. 19-968, 2021 WL 850106, at *7 (U.S. Mar. 8, 2021) ("[F]or the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right.").  Here, Plaintiffs' prayer for equitable relief and for "[s]uch other such relief as the Court deems just and proper" empowers the Court to award nominal damages where necessary to do complete justice.  *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871 (9th Cir. 2017) (holding that court could exercise its equitable power to award nominal damages, and reversing dismissal based on mootness); *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 n.2 (9th Cir. 2010) (concluding failure to request nominal damages in original complaint was not fatal where plaintiffs amended to request nominal damages); *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1100 n.5 (N.D. Cal. 2007) (concluding that a request for "such other and further relief as the Court may deem appropriate" suffices to provide for nominal damages) (citing *Basista v. Weir*, 340 F.2d 74, 87-88 (3d Cir.1965)).  Accordingly, because Plaintiffs' Complaint incorporates a request for nominal damages, Plaintiffs constitutional claims continue to present a live controversy for this Court to consider.

This objection misses the mark and should be overruled.

**II.    The F&R Properly Recommended That Plaintiffs' Tenth Amendment Claims Survive Dismissal.**

The Government's Objections regarding Plaintiffs' Tenth Amendment claim merely rehash the arguments made in its Motion to Dismiss which the F&R thoughtfully considered and dismissed. The F&R properly recommended that Plaintiffs' Tenth Amendment claim survive dismissal because this Court's "findings concerning the substantive merits of plaintiffs' Tenth Amendment claim, or the ultimate unnecessariness of a preliminary injunction, are analytically and legally distinct from the sufficiency of the pleadings." Dkt. 88 at 7. By reaching the question of likelihood of success on the merits of the Tenth Amendment claim, this Court strongly implied that the Complaint sufficiently stated a claim—the question at issue on a Rule 12(b)(6) motion to dismiss. *See* Tr. Oct. 30, 2020 Hr'g at 4:8–9 (stating that "plaintiffs here come within" the "inner limits" of a Tenth Amendment claim). Thus, the F&R did not err in recommending that Plaintiffs' Tenth Amendment claim survive dismissal.

Moreover, the F&R did not err in its analysis of Plaintiffs' Tenth Amendment claim. The case relied on, *Washington v. U.S. Department of Homeland Security*, -- F. Supp. 3d --, 2020 WL 1819837, at *1 (W.D. Wash. Apr. 10, 2020), is not "easily distinguishable" as the Government claims. Like the state there, Plaintiffs here are challenging an actual policy—namely the June 26, 2020 Executive Order issued by President Trump. And contrary to the Government's argument, Plaintiffs have alleged interference with Oregon and Portland's policing. Compl. ¶ 5 ("One long-recognized reason the police power is left to state and local officials is to permit communities to adopt the policing policies of their choosing . . . . For example, Oregon's laws prevent racial profiling, establish training standards and provide certain immunities to law enforcement."); ¶ 45 ("The law enforcement response has been (until now) an Oregon-based response accountable to Oregonians."); ¶ 104 ("And while, given the Tenth Amendment, Congress cannot give the federal

government the plenary power to police within the states, of relevance today in Portland, Congress has made clear just how limited its grant of power is to the Department of Homeland Security to arrest persons."). Plaintiffs have also alleged the Government's actions frustrate Representative Power's "right and ability to set state law enforcement policy applicable in Portland and throughout the state of Oregon." Compl. ¶ 34. This interference with Oregon and Portland's right to self-police and interference with the legislative process in Oregon is analogous to the interference with judicial operations at issue in *Washington*. 2020 WL 1819837, at *12 (concluding that facts pleaded in state's complaint lend support to its contention that the government's policy "unduly interferes with Washington's core sovereign judicial and police functions"). Thus, the F&R soundly analyzed Plaintiffs' Tenth Amendment claim, and this Court should overrule the Government's objection.

### III. The F&R Properly Recommended Denying the Government's Motion to Stay Discovery as Moot.

For the above reasons, the Court should deny the Government's Motion to Dismiss which will, as the F&R concluded, moot the Motion to Stay Discovery. The Court should not stay discovery pending resolution of the Motion to Dismiss for the reasons thoroughly discussed in Plaintiffs' Response in Opposition to the Motion to Stay Discovery. Dkt. 80.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Plaintiffs thus respectfully request that the Court adopt the Findings and Recommendations and enter an order denying the Motion to Dismiss and Motion to Stay Discovery.

Dated: March 17, 2021                    SNELL & WILMER L.L.P.

By /s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Andrew M. Jacobs (*pro hac vice*)
Kelly H. Dove, OSB No. 082165
Attorneys for Plaintiffs