IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WESTERN STATES CENTER, INC. et al.**, | |
| Plaintiffs, | |
| v. | No. 3:20-cv-01175-JR |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.**, | OPINION AND ORDER |
| Defendants. | |

**MOSMAN, J.**,

On January 27, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F. & R.) [ECF 88]. Judge Russo recommended that I deny Defendants' Motion to Dismiss [ECF 72] and deny as moot Defendants' Motion to Stay Discovery [ECF 73]. Defendants filed objections and Plaintiffs filed a response. Upon review, I disagree. I appreciate the principles of comity outlined by Judge Russo in her F. & R. And I can understand why she would want to avoid the appearance of overruling, in a way, my prior opinion at the preliminary injunction stage. In my view, however, circumstances have changed dramatically since my last hearing in this case. These changed circumstance render Plaintiffs' previously justiciable claims moot.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

At the preliminary injunction stage, I found Plaintiffs had Article III standing and this case was not moot. Since then, there have been considerable changes in the landscape of this case. These changes now render Plaintiffs' claims moot.

First, there is a new administration. I would have to blind myself to the obvious reality here not to see the tweets, which were critical to my original holding, as being not only erased but utterly repudiated by this change in administration. Second, Plaintiffs say "the Executive Order enacted as a direct result of such Tweeting is still Executive Branch policy." Pls.' Resp. to Objs. [ECF 95] at 3. But the Executive Order, by itself, does not do much for Plaintiffs. It took the tweets to make their case, and they are gone. I accordingly find that Defendants' challenged conduct "could not reasonably be expected to recur." *Rosemere Neighborhood Ass'n v. U.S.*

*Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Finally, there are no nominal damages available here. Plaintiffs did not plead nominal damages. And even if they did, they are not available because of sovereign immunity.

## CONCLUSION

For the reasons discussed above, I decline to adopt Judge Russo's F. & R. [ECF 88]. I GRANT Defendants' Motion to Dismiss [ECF 72] and DENY as moot Defendants' Motion to Stay Discovery [ECF 73]. The case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  11  day of May, 2021.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER